1   HAYNES AND BOONE, LLP
    Tamara I. Devitt/Bar No. 209683
2       tamara.devitt@haynesboone.com
    Kimberly A. Chase/Bar No. 253311
3       kimberly.chase@haynesboone.com
    Matthew E. Costello/Bar No. 295062
4       matthew.costello@haynesboone.com
    600 Anton Boulevard, Suite 700
5   Costa Mesa, California 92626
    T: (949) 202-3000 | F: (949) 202-3001
6

7   Attorneys for Defendant
    NABORS DRILLING USA, L.P.
8

9               **UNITED STATES DISTRICT COURT**

10  **FOR THE EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION**

11

12  JEREMY PORTER, an individual        )   **CASE NO.**  15-428
                                        )
13                                      )
                Plaintiff,              )   (Kern County Superior Court
14                                      )   Case No. CV284583 SPC)
                                        )
15          v.                          )
                                        )   **NOTICE OF REMOVAL**
16                                      )   **OF ACTION UNDER**
    NABORS DRILLING USA, L.P., a        )   **28 U.S.C. § 1441(b)**
17  Limited Partnership organized under )   **(DIVERSITY JURISDICTION)**
    the laws of the State of Delaware; and )
18  DOES 1 through 50,                  )
                                        )
19                                      )
                Defendants.             )   *Complaint Filed:   April 9, 2015*
20                                      )   *Trial Date:        Not Set*
                                        )
21                                      )
                                        )
22                                      )
                                        )
23                                      )
                                        )
24                                      )
                                        )
25                                      )
                                        )
26                                      )
                                        )
27                                      )
                                        )
28  _____   )

**TO THE CLERK OF THE ABOVE ENTITLED COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE** that Defendant NABORS DRILLING USA, L.P. ("NDUSA" or "Defendant"), by and through its undersigned counsel, hereby removes the below referenced action from Kern County Superior Court in the State of California to the United States District Court for the Eastern District of California, Fresno Division, pursuant to 28 U.S.C. §§ 1441(b) and 1446.

## STATEMENT OF JURISDICTION

1.    This Court has original jurisdiction over this action under 28 U.S.C. § 1332.  This action may be removed to this Court pursuant to 28 U.S.C. §§ 1441(b) and 1446 in that it is a civil action between citizens of different states; the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs; and Defendant is not a citizen of California.  Furthermore, this action is timely and properly removed by the filing of this Notice.

## PLEADINGS, PROCESS, AND ORDERS

2.    On April 9, 2015, Plaintiff JEREMY PORTER ("Plaintiff") filed a Complaint for Damages in the Kern County Superior Court in the State of California, styled *Jeremy Porter v. Nabors Drilling USA, L.P.*, Case No. CV284583 SPC ("Complaint").

3.    According to the Complaint, Plaintiff worked for Defendant from on or about October 10, 2007 to December 30, 2014.

4.    Plaintiff alleges causes of action against Defendant for: (1) failure to pay overtime wages (Cal. Labor Code §§ 510, 1194); (2) failure to pay final wages (Cal. Labor Code §§ 201, 202); (3) failure to provide accurate itemized wage statements (Cal. Labor Code §§ 226, 1174); (4) failure to pay wages when due (Cal. Labor Code § 204); (5) violating Business & Professions Code section 17200; (6) unjust enrichment; and (7) conversion.  Plaintiff also brings, as his eighth cause of action, a representative action under the Private Attorneys General

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY JURISDICTION)**

1    Act of 2004 (Cal. Labor Code § 2698 *et seq.*) ("PAGA").

2    5.    As to the first through seventh causes of action, Plaintiff's Complaint

3    seeks, among other things: lost wages and overtime wages; penalties; punitive

4    damages; restitution under Business & Professions Code section 17200, including

5    disgorgement of profits; costs of suit; prejudgment interest; and attorneys' fees.

6    6.    As to the eighth cause of action under PAGA, Plaintiff's Complaint

7    seeks, among other things: a civil penalty of one hundred dollars ($100) for each

8    employee and per pay period for the first violation and two hundred dollars ($200)

9    per employee per pay period for each subsequent violation of California Labor

10    Code sections 1174 and 2699; a civil penalty of one hundred dollars ($100) for

11    each employee and per pay period for the first violation and two hundred dollars

12    ($200) per employee per pay period for each subsequent violation of California

13    Labor Code sections 226, 226.7, and 2699; costs of suit; and attorneys' fees.

14    7.    On April 23, 2015, Plaintiff served the Defendant's registered agent

15    for service of process, CT Corporation, with a copy of the Summons and the

16    Complaint.    Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all

17    pleadings and documents filed in the Kern County Superior Court action or served

18    on Defendant as of the date of this Notice of Removal are attached as follows:

19    a.    The Summons, Civil Case Cover Sheet, and Complaint are

20    attached hereto as Exhibit "A."

21    8.    No further proceedings related thereto have been heard in Kern

22    County Superior Court.

23    **DIVERSITY OF CITIZENSHIP**

24    9.    28 U.S.C. § 1332(a) authorizes the removal of civil actions in which,

25    among other factors mentioned below, the action is between citizens of different

26    states.  *See* 28 U.S.C. § 1332(a)(1).

27    10.    Plaintiff admits he is a resident of Kern County in the State of

28    California and was employed by Defendant in the State of California at all times

2

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY JURISDICTION)**

1  relevant to the action.  Complaint ¶¶ 3, 5.  Plaintiff is therefore a citizen of the

2  State of California.  *See* 28 U.S.C. § 1332(a)(l) (an individual is a citizen of the

3  state in which he or she is domiciled).

4        11.    Defendant was at the time of the filing of this action and remains a

5  citizen of the States of Delaware and Texas, in that it was and continues to be a

6  corporation incorporated under the laws of the State of Delaware with its principal

7  place of business in Texas.  *See* 28 U.S.C. §§ 1332(a)(l), (c)( l), 1441(b).[1]

8        12.    Defendants Does 1 through 50, inclusive, are fictitious.  The

9  Complaint does not set forth the identity or status of any fictitious defendants, nor

10  does it set forth any charging allegation against any fictitious defendants.  The

11  citizenship of defendants sued under fictitious names must be disregarded for the

12  purpose of determining diversity jurisdiction and cannot destroy the diversity of

13  citizenship between the parties in this action.  28 U.S.C. § 1441(b)(1); *see also*

14  *Meisel v. Allstate Indem. Co.*, 357 F. Supp. 2d 1222, 1226 (E.D. Cal. 2005).

15        13.    Accordingly, Plaintiff and Defendant are citizens of different states.

16                          **AMOUNT IN CONTROVERSY**

17        14.    28 U.S.C. § 1332(a) authorizes the removal of civil actions in which,

18  among other factors mentioned above, the amount in controversy exceeds the sum

19  or value of $75,000, exclusive of interest and costs.

20        15.    Here, Plaintiff admits in the Complaint that the matter in controversy

21  exceeds, exclusive of interest and costs, and excluding any potential liability under

22  PAGA, the sum of $75,000.  *See* Complaint pp. 14, 15 ¶ 7 ("WHEREFORE,

23

24  [1] Furthermore, NDUSA has been erroneously sued in this matter as NDUSA did

25  not employ Plaintiff.  Nabors Completion & Production Services Co. ("NCPS"),
   now known as C&J Well Services, Inc., employed Plaintiff at all times relevant to

26  this action.  C&J Well Services, Inc., like its predecessor, NCPS, was at the time
   of the filing of this action and remains a citizen of the States of Delaware and

27  Texas, in that it was and continues to be a corporation incorporated under the laws
   of the State of Delaware with its principal place of business in Texas.  Thus,

28  Plaintiff is also a citizen of a state different from NCPS and/or C&J Well Services,
   Inc.

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY JURISDICTION)**

1    Plaintiff prays as follows: . . . Damages in an amount not less than $100,000."). 
2    When combined with Plaintiff's prayer for attorneys' fees "as authorized by law," 
3    restitution, and punitive damages, the amount in controversy exceeds $100,000, 
4    which is well above the jurisdictional minimum of $75,000 under 28 U.S.C. § 
5    1332(a).

6    16.    Defendant does not admit that Plaintiff is entitled to these damages or 
7    that Plaintiff will recover on any of his theories.

8    ## TIMELINESS OF REMOVAL

9    17.    Under 28 U.S.C. § 1446(b), a defendant has 30 days after service of 
10    the initial pleading or summons to file the notice of removal.

11    18.    On April 23, 2015, Plaintiff served the Defendant's registered agent 
12    for service of process, CT Corporation, with a copy of the Summons and the 
13    Complaint.  Thirty days after service fell on Saturday, May 23, 2015.  Monday, 
14    May 25, 2015, was Memorial Day, which is a legal holiday.  Under Rule 6(a)(C) of 
15    the Federal Rules of Civil Procedure ("FRCP"), a time period for filing stated in 
16    days includes "the last day of the period, but if the last day is a Saturday, Sunday, 
17    or legal holiday, the period continues to run until the end of the next day that is not 
18    a Saturday, Sunday, or legal holiday."

19    19.    This Notice of Removal is timely filed on Tuesday, May 26, 2015, in 
20    that it has been filed by the end of the next day following the 30-day deadline in 28 
21    U.S.C. § 1446(b) that is not a Saturday, Sunday, or legal holiday.

22    ## ASSIGNMENT

23    20.    Pursuant to 28 U.S.C. § 1441(a), assignment to the United States 
24    District Court for the Eastern District of California, Fresno Division, is proper 
25    because Plaintiff filed the action being removed in the Superior Court of 
26    California, County of Kern.

27    ## NOTICE OF REMOVAL TO ADVERSE PARTY AND STATE COURT

28    21.    Pursuant to 28 U.S.C. § 1446(d), Defendant, through their counsel,

---

4

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY JURISDICTION)**

will promptly serve Plaintiff with a written "Notice to Adverse Party of Removal to Federal Court" and file a copy of that notice with the Kern County Superior Court.

22.    WHEREFORE, having provided notice as required by law, the above-entitled action should be removed from the Kern County Superior Court.

DATED:  May 26, 2015                    HAYNES AND BOONE, LLP

By:    /s/ Tamara I. Devitt
Tamara I. Devitt
Attorneys for Defendant
NABORS DRILLING USA, L.P.

# EXHIBIT "A"

## CT Corporation

**Service of Process Transmittal**
04/23/2015
CT Log Number 527000839

**TO:**    Keith Nicholson
Nabors Industries, Inc.
515 W Greens Rd Ste 1200
Houston, TX 77067-4599

**RE:**    **Process Served in California**

**FOR:**   Nabors Drilling USA, LP (Domestic State: DE)

---

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Jeremy Porter, etc., Pltf. vs. Nabors Drilling USA, L.P.< etc., et al., Dfts. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet, Notice, Attachment(s), Form, Complaint, Exhibit(s) |
| **COURT/AGENCY:** | Kern County - Superior Court - Bakersfield, CA Case # CV284583SPC |
| **NATURE OF ACTION:** | Employee Litigation - Failure to pay overtime wages, failure to pay final wages and failure to provide accurate itemized wage statements |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/23/2015 at 09:10 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Arnold P. Peter Peter Law Group 9100 Wilshire Blvd. Suite 880W Beverly Hills, CA 90212 910-432-0513 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/24/2015, Expected Purge Date: 05/04/2015 Image SOP Email Notification, Laura Doerre laura.doerre@nabors.com Email Notification, Gail Scott gail.scott@nabors.com Email Notification, Mary Hoisington mary.hoisington@nabors.com Email Notification, Keith Nicholson keith.nicholson@nabors.com Email Notification, Sheila McGee sheila.mcgee@nabors.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 818 West Seventh Street Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Nabors Drilling USA, L.P., a Limited Partnership organized under the laws of the State of Delaware; and DOES 1-50 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Jeremy Porter, an individual

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

FILED
SUPERIOR COURT, METROPOLITAN DIVISION
COUNTY OF KERN

APR 16 2015

TERRY McNALLY, CLERK
BY_____ DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Metropolitan Courthouse

1415 Truxtun Ave, Bakersfield, CA 93301

CASE NUMBER:
*(Número del Caso):*

CV-284583 SPC

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Marcus Lee 9100 Wilshire Blvd., Suite 880W, Beverly Hills, California 90212 (310)277-0010

DATE:
*(Fecha)* APR 16 2015   TERRY McNALLY   Clerk, by   S. JOSLIN   , Deputy
CLERK   *(Secretario)*   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* NABORS DRILLING USA, L.P. A LIMITED PARTNERSHIP UNDER THE LAW OF THE STATE OF DELAWARE

under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☒ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**
FILED BY FAX

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Sequence #31658
Fee: $27
Initials: 2 4 3

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Arnold Peter (SBN 120091); Marcus Lee (SBN 281886)<br>PETER LAW GROUP<br>9100 Wilshire Blvd., Suite 880W<br>Beverly Hills, California 90212<br>TELEPHONE NO.: 310.277.0010   FAX NO.: 310.432.0599<br>ATTORNEY FOR (Name): Plaintiff Jeremy Porter | FILED RECEIVED<br>SUPERIOR COURT METROPOLITAN DIVISION, ON<br>BY SUPERIOR COURT OF CALIFORNIA COUNTY OF KERN<br>APR - 09, 2015<br><br>APR 09 2015<br><br>TERRY McNALLY, CLERK<br>BY _____ DEPUTY<br>ENDORSED |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Kern**
STREET ADDRESS: **1415 Truxtun Ave**
MAILING ADDRESS: **same**
CITY AND ZIP CODE: **Bakersfield, 93301**
BRANCH NAME: **Metropolitan Courthouse**

CASE NAME:
**Porter v Nabors Drilling USA, L.P.**

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | CV 284583 SPC<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [✓] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   - a. [ ] Large number of separately represented parties
   - b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   - c. [ ] Substantial amount of documentary evidence
   - d. [ ] Large number of witnesses
   - e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   - f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[✓] monetary   b.[✓] nonmonetary; declaratory or injunctive relief   c.[✓] punitive
4. Number of causes of action (specify): **Eight**
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: **April 8, 2015**
**Arnold P. Peter**
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET<br>FILED BY FAX | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |



**SUPERIOR COURT OF CALIFORNIA**
METROPOLITAN DIVISION
1415 TRUXTUN AVENUE, BAKERSFIELD, CA 93301

**PLAINTIFF**
JEREMY PORTER

**DEFENDANT**
NABORS DRILLING USA, L.P.

| FOR COURT USE ONLY |
|---|
| FILED<br>SUPERIOR COURT, METROPOLITAN DIVISION<br>COUNTY OF KERN<br><br>APR 1 6 2015<br><br>TERRY McNALLY, CLERK<br>BY_____ DEPUTY |

**CASE NUMBER: S-1500-CV-284583, SPC**

NOTICE OF ORDER TO SHOW CAUSE
RE: CALIFORNIA RULES OF COURT, RULE 3.110

## TO PLAINTIFF AND PLAINTIFF'S COUNSEL:

**YOU ARE ORDERED TO APPEAR** ON **Aug 11, 2015** AT **8:30 AM** IN **DEPARTMENT 4** OF THE ABOVE ENTITLED COURT TO GIVE ANY LEGAL REASON WHY SANCTIONS SHALL NOT BE IMPOSED FOR FAILURE TO SERVE THE COMPLAINT ON ALL NAMED DEFENDANTS AND FILE PROOF(S) OF SERVICE WITH THE COURT WITHIN SIXTY (60) DAYS AFTER THE FILING OF THE COMPLAINT PURSUANT TO CALIFORNIA RULES OF COURT, RULE 3.110. ALL APPEARANCES ARE MANDATORY, UNLESS FIVE (5) COURT DAYS PRIOR TO HEARING DATE THE COURT HAS RECEIVED THE REQUIRED PROOF(S) OF SERVICE, THEN NO APPEARANCE IS NECESSARY.

DATE: Thursday, April 16, 2015

**TERRY McNALLY**
Clerk of the Superior Court

By _____S. JOSLIN_____ Deputy
STACIE D JOSLIN

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN
### ALTERNATIVE DISPUTE RESOLUTION (ADR)
### INFORMATION PACKAGE

Most civil disputes are resolved without filing a lawsuit and most civil lawsuits are resolved without the necessity of a trial. The courts, community organizations and private providers offer a variety of ADR processes to help people resolve disputes without a trial. Kern County Superior Court encourages, and under certain circumstances may require, parties to try ADR before trial. Courts have also found ADR to be beneficial when used early in the case process.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. You may find more information about these ADR processes at http://www.courts.ca.gov/programs/adr.htm.

### Possible Advantages and Disadvantages

ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used as well as the particular type of case involved:

**Possible Advantages**: Saves time; saves money; gives the parties more control over the dispute resolution process and outcome; helps to preserve and/or improve party relationships.

**Possible Disadvantages**: May add additional cost to the litigation if ADR does not resolve the dispute; procedures such as discovery, jury trial, appeals, and other protections may be limited or unavailable.

### Most Common Types of ADR

**Mediation**: A neutral person, or "mediator," helps the parties communicate in an effective and constructive manner so the parties can try to resolve their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is generally confidential, and may be particularly useful where on going relationships are involved, such as between family members, neighbors, employers/employees or business partners.

**Settlement Conferences**: A judge or another neutral person assigned by the court helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement conference neutral does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different views about the likely outcome of a trial in their case.

**Neutral Evaluation**: The parties briefly and informally present their facts and arguments to a neutral person who is often an expert in the subject matter of the dispute. The neutral does not decide the outcome of the dispute, but helps the parties to do so by providing them with a non-binding opinion about the strengths, weaknesses and likely outcome of their case. Depending on the neutral evaluation process and the parties' consent, the neutral may then help the parties try to negotiate a settlement. Neutral evaluation may be appropriate if the parties desire a neutral's opinion about how the case might be resolved at trial, if the primary dispute is about the amount of damages, or if there are technical issues the parties would like a neutral expert to resolve.

**Arbitration**: The parties present evidence and arguments to a neutral person, or "arbitrator," who then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are generally more

relaxed. If the parties agree to *binding* arbitration, they waive their right to a jury trial and agree to accept the arbitrator's decision. With *nonbinding* arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time and expense of a trial, or desire an expert in the subject matter of their dispute to make a decision.

## Selecting an ADR Program and Neutral

Selecting an ADR program and neutral are important decisions. Be sure to learn about the rules of any program and the qualifications and required fees of any neutral you are considering. Some programs and neutrals do not charge the parties for their ADR services, but others may charge the parties administrative fees and/or fees for the neutral's time. Information about the various neutrals listed on the court's ADR Panel is available at www.kern.courts.ca.gov/home/civil/civilmediatorpanel. To find a private ADR program or neutral, you may search the internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement or arbitration services.

## Local ADR Programs

Kern County Superior Court has collaborated with the Kern County Bar Association, the Better Business Bureau and community representatives to establish alternative dispute resolution (ADR) programs which comply with legal requirements and provide a high quality of service to the public. The court currently sponsors programs such as arbitration and mediation in general civil cases (limited and unlimited) and may refer cases under $50,000 to mediation under local rules. Kern County Superior Court has also contracted with the Better Business Bureau (BBB) under the Dispute Resolution Programs Act (DRPA) to provide mediation services in small claims, unlawful detainer, civil harassment and probate matters. The services of the BBB are also available to the public whether or not a lawsuit has been filed. Other programs, similar to those existing in other California counties, are being investigated for their feasibility in Kern County. One such program is the Victim Offender Reconciliation Program (VORP) in juvenile court proceedings. More information about BBB Mediation Services is available at www.bbbmediation.org , or call toll free 800-675-8118, ext. 300 or 661-616-5252.

Although complaints about ADR neutrals in court programs are uncommon, Kern County Superior Court provides a complaint procedure. If you have a complaint or a concern about a neutral in any of this court's ADR programs, or simply a question about ADR, please contact the ADR Administrator at ADRAdministrator@kern.courts.ca.gov.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California Courts Web Site at www.courtinfo.ca.gov/selfhelp/lowcost.

For questions, please contact: ADR Administrator at ADRAdministrator@kern.courts.ca.gov or (661) 868-4957.
Additional ADR information can be found at www.kern.courts.ca.gov.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (*NAME AND ADDRESS*):   TELEPHONE NO. | FOR COURT USE ONLY |
|---|---|
| ATTORNEY FOR (*NAME*)_____ | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN
STREET ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF:

DEFENDANT:

## ADR STIPULATION AND ORDER FORM

CASE NUMBER:

Pursuant to California Rule of Court 3.221(a)(4), the parties and their attorneys stipulate that all claims in this action will be submitted to the following alternative dispute resolution (ADR) process:

☐ Court-connected mediation pursuant to Local Rules (no fee or order required when filed within 10 days of Case Management Conference)
☐ Private Mediation
☐ Neutral Evaluation
☐ Binding Arbitration
☐ Referee/Special Master
☐ Settlement Conference with Private Neutral
☐ Non-binding Judicial Arbitration pursuant to CCP1141.10 et seq., and applicable Rules of Court
☐ Discovery will remain open until 30 days before trial
☐ Other _____

It is also stipulated that_____ (name of individual neutral, not organization) has consented to and will serve as_____ (neutral fuction/process) and that the session will take place on _____ (enter a FIRM date) and that all persons necessary to effect a settlement and having full authority to resolve the dispute will appear at such session.

Date: _____

On behalf of Plaintiffs

_____          _____
(Type or print name)                                    (Signature)

On behalf of Defendants

_____          _____
(Type or print name)                                    (Signature)

**Attach additional signature pages if needed**
KC ADR-101 (Mandatory)
Page 1 of 2
(Rev. 2/2012)

# ADR STIPULATION AND ORDER FORM

ORDER:

Case Number: _____

☐ The ADR process is to be completed by _____
(date)

☐ The Case Management Conference currently set for _____
(date)

20_____, at _____ a.m./p.m. in Department _____
☐ is hereby vacated
☐ is not hereby vacated

☐ Mediation Status Review

☐ Case Status Review
re: _____

☐ Final Case Management Conference
is set for _____, 20_____ at _____ a.m./p.m.
in Department _____

☐ Judicial Arbitration Order Review Hearing will be set by notice upon assignment of the arbitrator.

It is so ordered.

_____          _____
Date                                      Judicial Officer of the Superior Court

1  Arnold P. Peter (SBN: 120091)
2  Marcus J. Lee (SBN: 281886)
   PETER LAW GROUP
3  9100 Wilshire Blvd., Suite 880W
   Beverly Hills, California 90212
4  Telephone: (310) 432-0513
   Facsimile: (310) 432-0599
5  E-Mail: mlee@peterlawgroup.com
6
   *Attorneys for Plaintiff*
7  JEREMY PORTER

FILED
SUPERIOR COURT, METROPOLITAN DIVISION
COUNTY OF KERN

APR 0 9 2015

TERRY McNALLY, CLERK
BY_____ DEPUTY
ENDORSED

CASE MANAGEMENT CONFERENCE:
Hearing Date: __10/13/15__
Time: __8:00 AM__
Department: __4__
See CRC Rule 3.720 Et. Seq.

8            SUPERIOR COURT FOR THE STATE OF CALIFORNIA
9                        COUNTY OF KERN

10                                    ) Case No.: CV284583 SPC
11 JEREMY PORTER, an individual       )
                                      ) Complaint for:
12            Plaintiff               )
                                      )   1.  Failure to Pay Overtime Wages, Cal. Labor
13    vs.                             )       Code §510 and §1194
                                      )   2.  Failure to Pay Final Wages, Cal. Labor
14 NABORS DRILLING USA, L.P., a Limited )     Code §201 and §202;
15 Partnership organized under the laws of the State )  3.  Failure to Provide Accurate Itemized Wage
   of Delaware; and DOES 1-50 inclusive. )     Statements, Cal. Labor Code §226 and §1174;
16                                    )   4.  Failure to Pay Wages When Due, Cal.
                                      )       Labor Code §204;
17            Defendants.             )   5.  Unfair Business Practices Business and
                                      )       Professions Code §17200 et seq.;
18                                    )   6.  Unjust Enrichment;
                                      )   7.  Conversion;
19                                    )   8.  Private Attorney General Act Labor Code
                                      )       §§ 2699 et seq.
20                                    )
21                                    )
                                      ) Unlimited Civil Action
22                                    ) Amount Demanded Exceeds $25,000
                                      ) Jury Trial Demanded
23
24
25
26
27
28

                                    1
                        COMPLAINT FOR DAMAGES
                           FILED BY FAX

## INTRODUCTION

COMES NOW Jeremy Porter ("Plaintiff" or "Porter"), and for causes of action against Defendant Nabors Drilling USA, L.P. ("Defendant" or "Nabors") and Does 1-50 inclusive and each of them alleges as follows:

## JURISDICTION AND VENUE

### (Applicable to All Causes of Action)

1. All claims asserted herein arose in Kern County, California and therefore this court has jurisdiction over all Defendants and causes of action since, as alleged below, Defendants inflicted their harm upon Plaintiff in the County of Kern, in the State of California.

2. Venue is proper in this court insofar as Defendants regularly conduct business in the County of Kern. Venue is further proper in this court insofar as the wrongful acts, injury and transactions occurred in the County of Kern, in the State of California.

## THE PARTIES

### (Applicable to All Causes of Action)

3. Plaintiff, Jeremy Porter, is now and at all times mentioned in this complaint, was an individual residing in the County of Kern, in the State of California.

4. Defendant Nabors Drilling USA, L.P. ("Nabors") is a Limited Partnership duly organized under the laws of the State of Delaware, registered to do business in California, and subsequently conducted business in the County of Kern, State of California. Nabors is a contract drilling company. It owns and operates one of the world's largest land-based drilling rig fleet in North America. Nabors is also involved in each phase of oil and gas drilling operations. Such operations include, but are not limited to, well construction, completion, maintenance and ultimately plug and abandonment.

5. At all times herein relevant, Plaintiff was employed by Defendant and DOES 1-50, inclusive, and each of them, are employers within the meaning of California Labor Code and Industrial Welfare Commission's applicable wage order.

6. Plaintiff is ignorant of the true names and capacities of Defendants, corporate, individual or otherwise, sued herein as DOES 1-50 collectively with Defendant Nabors, henceforth collectively referred to as "Defendants."

7.  Plaintiff will amend this complaint to allege the true names and capacities of DOES 1-50 when ascertained. Plaintiff is informed and believes, and thereon alleges that each of the Defendants designated, as DOES 1-50 is responsible in some manner for the events and happenings herein referred to and thereby legally caused injuries and damages to Plaintiff, as herein alleged.

8.  Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, each of Defendants, herein, was the agent and employee of each of the remaining Defendants. At all times, such Defendants were acting within the purpose and scope of such agency and employment, and with the permission and consent of his/her/its co-Defendants with knowledge, authorization, permission, consent and/or subsequent ratification and approval of each co-Defendant.

9.  Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, each Defendant was acting in a supervisorial or managerial capacity and in the course and scope of such agency and/or employment, with the permission and consent of said co-Defendants, and acted with the power to bind Defendants and each of them to the acts of said individuals, said acts having thereafter been ratified by Defendants, and each of them.

10. Plaintiff was hired by Defendants, on or about, October 10, 2007, as Trainee and then was subsequently promoted to Floor Hand, Motor Man, Derrick Man and Driller.

11. Plaintiff's work hours were set by Defendants. Plaintiff's daily tasks were set by Defendants. Plaintiff's work duties were accomplished based on Defendants strict policies and procedures from which Plaintiff was not permitted to deviate.

12. During the entire term of his employment to the date of his termination on December 30, 2014, Plaintiff was never reprimanded, counseled, or received any negative performance reviews.

13. Prior to the start of Plaintiff's work shift and at the conclusion of each work shift, Plaintiff was required to perform a detailed inspection of any vehicle driven onto the work premises, including private or company owned vehicles. The nature and content of the inspection is set forth in Exhibit A to this Complaint. The inspection is referred to hereinafter as "Vehicle Inspection Time." Plaintiff was not compensated for the time spent conducting the inspection which customarily took thirty (30) minutes for each inspection, amounting to a total of sixty (60) minutes per day.

14. During the entirety of Plaintiff's employment with Defendants, Plaintiff worked more than eight

1    hours per day.

2    15. During the entirety of Plaintiff's employment with Defendants, Plaintiff worked more than 40

3        hours within a single work week.

4    16. During the entirety of Plaintiff's employment with Defendants, Plaintiff was not paid overtime

5        wages for any of the Vehicle Inspection Time, which constituted more than eight hours in one day,

6        and amounted to more than 40 hours of work within a work week.

7    17. At all times relevant hereto, Defendants failed to keep accurate daily records of Plaintiff's Vehicle

8        Inspection Time, failed to maintain such records for at least three (3) years, and failed to provide

9        to each employee with each periodic wage payment, a writing setting forth among other things the

10       following: (1) the total hours of work for the pay period; (2) the payment of wages for Vehicle

11       Inspection Time; and (3) the gross and net wages paid including all deduction(s) from those

12       wages.  Plaintiff, through his counsel, requested access to such records, but no records were

13       provided. Further, Plaintiff and his counsel were not provided access to the records with in the

         statutorily defined twenty (21) day period.

14   18. At all times relevant hereto, Defendants failed to provide Plaintiff with accurate itemized wage

15       statements, including among other things, the number of hours worked, overtime hours worked in

16       each pay period, and incorrect reporting of the gross wages earned.

17   19. On or about December 1, 2014, Plaintiff requested and was placed on a medical leave of absence

18       in relation to a non-work related injury.  Then on December 30, 2014, Plaintiff was abruptly

19       terminated by Defendants.

20   20. Since Plaintiff's termination, Defendants have failed to pay Plaintiff for any owed overtime

21       wages. Furthermore, Defendants have also failed to pay Plaintiff for accrued vacation leave.

22   21. On March 2, 2015, Plaintiff transmitted and sent a letter/claim by certified mail to the California

23       Workforce Development Agency and Defendants regarding his claims and those of the PAGA

24       Plaintiffs, as enumerated in this complaint on behalf of himself and the PAGA Plaintiffs. (Exhibit

25       B).

26   //

27   //

28   //

## FIRST CAUSE OF ACTION FOR

## FAILURE TO PAY OVERTIME WAGES LABOR CODE §510

### (Against All Defendants)

22. Plaintiff hereby realleges and incorporates by reference Paragraphs 1 through 21, inclusive, of this Complaint, as though set forth in full.

23. At all relevant times hereto, Defendants were aware of and under a duty to comply with all California Labor Codes.

24. Pursuant to California Labor Code §1194(a): "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit." Cal. Labor Code § 510 requires employers to pay their non-exempt employees one and one-half times their regular hourly rate for time worked in excess of eight hours in each workday, 40 hours in a work week, and for the seventh consecutive day worked in a work week.

25. At all times relevant to this complaint, Plaintiff was a non-exempt employee and therefore entitled to receive overtime pay.

26. Plaintiff on a regular basis worked in excess of eight (8) hours per day, forty (40) hours per week, and for seven (7) consecutive days of work, in which he was not paid overtime.

27. By failing to pay Plaintiff overtime wages earned, Defendants have violated the aforementioned Labor Codes.

28. As a proximate result of Defendant's violations of the aforementioned Cal. Labor Code, Plaintiff is entitled to unpaid overtime wages, interest, and penalties, in an amount to be proven at court.

29. Plaintiff further demands reasonable attorneys' fees and costs for enforcing this action, in an amount not yet ascertained.

//

//

//

//

5

COMPLAINT FOR DAMAGES

## SECOND CAUSE OF ACTION FOR

## FAILURE TO PAY FINAL WAGES

## VIOLATION OF LABOR CODE §201 AND §202

### (Against All Defendants)

30. Plaintiff hereby realleges and incorporates by reference Paragraphs 1 through 29, inclusive, of this Complaint, as though set forth in full.

31. California Labor Code §201 and §202 require Defendants to pay their employees all wages due, immediately upon discharge. Cal. Labor Code §203 requires Defendants to pay each former employee(s) described above, a penalty of thirty (30) days' wages, or wages for such lesser number of days as exist between the date such employee's job was terminated by employer, or by the employees with seventy-two (72) hours notice, or seventy-two (72) hours after termination, if initiated by the employee without notice. Cal. Labor Code also requires full payment of all unpaid regular, overtime, and commission wages that are owed at time of termination or commencement of an action thereon.

32. Defendants did not provide Plaintiff with his final paycheck, which included outstanding overtime pay, rest break, and meal break pay or penalties.

33. By failing to pay Plaintiff his final paycheck for wages earned, Defendants, and each of them, have violated the aforementioned Cal. Labor Codes.

34. As a proximate result of Defendant's violations of the aforementioned Cal. Labor Codes, Plaintiff is entitled to waiting time penalties.

35. Plaintiff further demands reasonable attorneys' fees and costs for enforcing this action, in an amount not yet ascertained.

## THIRD CAUSE OF ACTION

## FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

## CALIFORNIA LABOR CODE §226 AND §1174

### (Against All Defendants)

36. Plaintiff hereby realleges and incorporates by reference Paragraphs 1 through 35, inclusive, of this Complaint, as though set forth in full.

37. California Labor Code §226(a) provides: "Every employer shall, semimonthly or at the time of

each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California."

38. Further Cal. Labor Code §226(e) provides: "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees."

39. At all times relevant hereto, Defendants failed to provide Plaintiff with timely, accurate and complete itemized wage statements, reflecting total number of hours worked, actual gross wages earned, net wages earned, or the appropriate deductions. As a result, Plaintiff has suffered various forms of "injury" due to this unlawful conduct, including but not limited to, his lost use of the wage compensation due, being forced to bring this action to redress these violations and/or being

1    forced to restate earnings for prior years and/or incur time and costs in so doing.

2    40. Cal. Labor Code §1174 requires Defendants to maintain and preserve, in centralized location,

3        among other items, records showing the names and addresses of all employees employed, payroll

4        records showing the hours worked daily by and the wages paid to its employees. Defendants have

5        knowingly and intentionally failed to comply with Cal. Labor Code §1174. Defendants' failure to

6        comply with Cal. Labor Code §1174 is unlawful pursuant to Cal. Labor Code §1175. By their

7        failure to accurately report Plaintiff's hourly, overtime, and commission wages earned for the

8        hours worked, Defendants knowingly and intentionally failed to comply with Cal. Labor Code

9        §1174. Defendants' failure to comply with Cal. Labor Code §1174 is unlawful pursuant to Cal.

10       Labor Code §1175.

11   41. Furthermore, the applicable Wage Order requires Defendants to maintain time records showing,

12       including but not limited to, when the employee begins and ends each work period, rest periods,

13       and total daily hours worked in itemized wage statements, and must show the gross and net wages

14       paid, all deductions from payment of wages, and accurately report total hours worked by Plaintiff.

15       By their failure to accurately report the hourly, overtime, rest and meal break premium, and

16       commission wages owing to Plaintiff, Defendants have failed to comply with the Wage Order.

17   42. Defendants knowingly and intentionally failed to provide Plaintiff with accurate itemized wage

18       statements showing the number of all hours worked, and not including overtime hours in each pay

19       period, as well as incorrectly reporting gross wages and not paying rest break period wages and

20       failing to pay commissions.

21   43. As a direct result of the aforementioned violations, Plaintiff demands penalties under Cal. Labor

22       Code Section 226, for failure to provide itemized wage statements in the amount of $4,000.00 and

23       reasonable attorney's fees.

24   44. Plaintiff further demands reasonable attorneys' fees and costs for enforcing this action, in an

25       amount not yet ascertained.

26   //

27   //

28   //

//

# FOURTH CAUSE OF ACTION FOR
## FAILURE TO PAY WAGES WHEN DUE
### LABOR CODE §204
### (AGAINST ALL DEFENDANTS)

45. Plaintiff hereby realleges and incorporates by reference Paragraphs 1 through 44, inclusive, of this Complaint, as though set forth in full.

46. California Labor Code § 204 provides, in part: Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month.

47. California Labor Code § 510 provides, in part: Any work in excess of eight (8) hours in one workday and any work in excess of forty (40) hours in any one work week and the first eight (8) hours worked on the seventh day or work in any one work week shall be compensated at the rate of no less than one and one-half (1.5) times the regular rate of pay for an employee.

48. During the time that Plaintiff was employed by Defendants, Plaintiff routinely worked in excess of eight hours per day, forty (40) hours per work week, and on the seventh day of a work week.

49. By failing to pay Plaintiff overtime wages and commissions earned when due, Defendants, and each of them, have violated the aforementioned Cal. Labor Codes.

50. As a proximate result of Defendant's violations of the aforementioned Cal. Labor Codes, Plaintiff is entitled to unpaid overtime wages, interest, and penalties in an amount to be proven.

51. Plaintiff further demands reasonable attorneys' fees and costs for enforcing this action, in an amount not yet ascertained.

# FIFTH CAUSE OF ACTION
## UNFAIR BUSINESS PRACTICES BUSINESS AND
## PROFESSIONS CODE §17200 ET SEQ.
### (Against All Defendants)

52. Plaintiff hereby realleges and incorporates by reference Paragraphs 1 through 51, inclusive, of this Complaint as though set forth in full.

53. By violating the foregoing statutes and regulations, Defendants' fraudulent and deceptive practices, as alleged, also constitute an on-going and continuous unfair business practice within the meaning of Cal. Business & Professions Code §17200 *et seq*. Such practices include, but are not limited to, failure to pay overtime wages and wages due upon termination, failure to comply with the multiple written "Commission Structure, Schedule, and Agreement," and for retroactively altering the terms of Plaintiff's employment and compensation. Moreover, Cal. Labor Code §226(b) requires Defendants to itemize in wage statements all deductions from payment of wages, and to also accurately report total hours worked by Plaintiff. Defendants have knowingly and intentionally failed to comply with Cal. Labor Code §226(b) on each and every wage statement that should reflect all of the hours worked by Plaintiff, and such wage statements should have been provided to Plaintiff.

54. Cal. Labor Code §1174 requires Defendants to maintain and preserve, in centralized location, among other items, records showing the names and addresses of all employees employed, payroll records showing the hours worked daily by and the wages paid to its employees. Defendants have knowingly and intentionally failed to comply with Cal. Labor Code §1174. Defendants' failure to comply with Cal. Labor Code §1174 is unlawful pursuant to Cal. Labor Code §1175. By their failure to accurately report Plaintiff's hourly, overtime, and commission wages earned for the hours worked, Defendants knowingly and intentionally failed to comply with Cal. Labor Code §1174. Defendants' failure to comply with Cal. Labor Code §1174 is unlawful pursuant to Cal. Labor Code §1175.

55. Defendants' fraudulent and deceptive practices, as alleged above, constitute ongoing and continuous unfair business practices within the meaning of Business and Professions Code §17200 *et seq*. Such practices include, but are not limited to, failure to pay overtime wages due employees and the wages due upon termination of employment. Therefore, Defendants have under-reported to federal and state authorities, not only Plaintiff's wages earned but also other employees who are similarly situated. In other words, Defendants have underpaid state and federal taxes, employer matching funds, unemployment premiums, Social Security, Medicare, and Workers' Compensation premiums.

56. Defendants have used these practices to deceive members of the public in the past and these

10
COMPLAINT FOR DAMAGES

1    practices will likely deceive more members in the future.

2  57. Defendant's violation of the foregoing statutes and regulations constitutes a business practice

3      because it was done repeatedly, over a significant period of time, and in a systemic manner, all to

4      the Plaintiff's detriment.

5  58. Each Defendant's acts and omissions, described above, are in direct violations of the Cal. Labor

6      Codes.

7  59. Each Defendant's conduct, as described herein, constitutes unlawful business practices within the

8      meaning of the Business & Professions Code §17200 *et seq.*

9  60. As a consequence of Defendant's unfair business practices, Plaintiff has suffered damages.

10     Therefore Plaintiff request damages and/or restitution of all monies and profits to be disgorged

11     from Defendants, in an amount of not less than $25,000.00.

## SIXTH CAUSE OF ACTION

12

## UNJUST ENRICHMENT

13

### (Against All Defendants)

14

15 61. Plaintiff hereby realleges and incorporates by reference Paragraphs 1 through 60, inclusive, of this

       Complaint, as though set forth in full.

16
17 62. As mentioned hereinabove, Defendants were enriched by obtaining the work, labor and services

       provided by Plaintiff. In exchange, Plaintiff received insufficient consideration, in direct violation

18     of prevailing public policy.

19 63. While Defendants were enriched by the services provided by Plaintiff, they were at the expense of

20     Plaintiff.  Defendants failed and refused to pay the compensation, which Plaintiff was legally

21     entitled.

22 64. Plaintiff is informed and believes and thereon alleges that as a result of the wrongful acts by

23     Defendants, as alleged herein, Defendants have been unjustly enriched, in the amount to be proven

24     at trial.

25                              ## SEVENTH CAUSE OF ACTION

26                                      ### CONVERSION

27                                  ### (Against All Defendants)

28 65. Plaintiff hereby realleges and incorporates by reference Paragraphs 1 through 64, inclusive, of this

---

11
COMPLAINT FOR DAMAGES

PETER LAW GROUP
9100 WILSHIRE BLVD, STE 880W
BEVERLY HILLS, CA 90212
TEL. 310.277.0010 • FAX 310.432.0599

TER LAW GROUP
TORNEYS AT LAW

1   Complaint, as though set forth in full.

2   66. Plaintiff performed labor and services for Defendants, at Defendants' request, as described herein

3   above.

4   67. Defendants have wrongfully and unlawfully converted Plaintiffs' wages by deliberately failing to

5   pay Plaintiff overtime wages, final wages and commissions due, and further keeping the same for

6   their personal use and benefit.

7   68. By failing to pay the wages and benefits owed, and retaining the sums earned by Plaintiff,

8   Defendants wrongfully exercised dominion over Plaintiff's property.   Once Defendants

9   intentionally applied these monies for their own use and benefit, the conversion was complete.

10   69. Based on information and belief, Defendants withheld Plaintiffs' wages owed as a means of

11   decreasing overhead costs and increasing their profits, and to increase monies which directly or

12   indirectly flowed to the Defendants.

13   70. As a result of Defendants' conversion, Plaintiff has been damaged in an amount to be proven at

    trial.

14   71. In failing to pay said monies to Plaintiff, and in retaining that money for their own use, Defendants

15   acted with malice, oppression, or conscious disregard for the statutory rights of Plaintiff. Such

16   wrongful conduct and intentional acts justify an award of punitive and exemplary damages,

17   pursuant to California Civil Code § 3294, in an amount to be proven at trial and also in an amount

18   which will deter future similar conduct by Defendants. Such an award will serve to punish

19   Defendants and set an example to other companies who may be in similar violations of California

20   Labor Codes.

21   **EIGHTH CAUSE OF ACTION**

22   **PRIVATE ATTORNEY GENERAL ACT, LABOR CODE §§ 2699 ET SEQ.**

23   **(As to all Defendants)**

24   72. Plaintiff incorporates, by reference, and re-alleges paragraphs 1 through 71, as though fully set

25   forth herein.  Plaintiff, on behalf of himself and PAGA Plaintiffs alleges, in accordance with the

26   Private Attorney General Act ("PAGA") of 2004, codified at California Labor Code section 2699,

27   *et seq.* that Defendants have violated the following provisions of the Labor Code in their dealings

28   with Plaintiff and other current and former employees:

a.  Failure to Pay Final Wages Labor Code §201 and §202;

b.  Failure to Provide Accurate Itemized Wage Statements Labor Code §226 and §1174;

c.  Failure to Pay Overtime Wages Labor Code §510;

d.  Failure to Pay Wages When Due Labor Code §204.

73. On March 2, 2015, Plaintiff transmitted and sent a letter/claim by certified mail to the California Workforce Development Agency and Defendants regarding his claims and those of the PAGA Plaintiffs, as enumerated in this complaint on behalf of himself and the PAGA Plaintiffs. (Exhibit B).

74. As of today's date, the California Workforce Development Agency has not answered nor have responded, and further Plaintiff's claims not been cured.

75. Plaintiff has received authorization to act on behalf of the Labor Commissioner to assess civil penalties against Defendants.

76. Plaintiff seeks civil penalties against Defendants pursuant to Cal. Labor Code section 2699(f)(2).

77. Plaintiff seeks these civil penalties on behalf of himself and all other former and current employees, from Defendants pursuant to Cal. Labor Code sections 2699(a) and 2699.3.

## PUNITIVE DAMAGES

### (APPLIES TO ALL CAUSES OF ACTION)

78. Plaintiff hereby realleges and incorporates by reference Paragraphs 1 through 77, inclusive, of this Complaint, as though set forth in full.

79. As a direct, foreseeable and proximate result of Defendants' conduct, Plaintiff has lost income, promotional and career opportunities, and has suffered other economic losses, in an amount to be determined at time of trial.

80. As a direct, foreseeable and proximate result of Defendants' outrageous conduct as alleged herein, Plaintiff has suffered great anxiety, embarrassment, anger, loss of enjoyment of life, injury to reputation, and severe emotional distress, in an amount to be determined at time of trial.

81. Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, and with the wrongful intention of injuring Plaintiff. Further, Defendant acted with an improper and evil motive which amounted to malice or despicable conduct. Alternatively, Defendants' wrongful

PETER LAW GROUP
9100 WILSHIRE BLVD, STE 880W
BEVERLY HILLS, CA 90212
TEL. 310.277.0010 • FAX 310.432.0599

TER LAW GROUP
TORNEYS AT LAW

conduct was carried out with a conscious disregard of Plaintiff's rights. Further, Defendants' wrongful conduct was carried out and ratified by a managing agent; or an officer, a director, or a managing agent of the Company, who had advanced knowledge as to the unfitness of its decision-maker and still employed him with a conscious disregard of Plaintiff's rights and/or authorized and/or ratified his conduct.  As a result of Defendants' conduct, Plaintiff is entitled to recover punitive and exemplary damages, in an amount proportionate with each Defendant's wrongful acts and also sufficient to punish and deter future similarly reprehensible conduct.

82. Plaintiff is entitled to recover prevailing party attorney's fees pursuant to the provision of the California Labor Code and by other statutory entitlements.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

1. A civil penalty of one hundred dollars ($100) for each employee and per pay period for the first violation and two hundred dollars ($200) per employee per pay period for each subsequent violation of California Labor Code §§ 1174 and 2699.

2. A civil penalty of one hundred dollars ($100) per employee per pay period for the first violation and two hundred dollars ($200) per employee per pay period for each subsequent violation of California Labor Code §§§ 226, 226.7 and 2699.

3. Reasonable attorney's fees pursuant to California Labor Code §2698 *et. seq*;

4. For costs of suit herein; and

5. For such other and further relief as the Court may deem appropriate.

### AS TO THE REMAINING CAUSES OF ACTION

1. For damages in an amount to be proven, including lost wages and overtime wages, general and compensatory damages and penalties in an amount in excess of the minimum jurisdictional limits of this court;

2. For punitive damages in a sum sufficient to deter;

3. For attorney fees as authorized by law;

4. For costs of suit incurred;

5. For prejudgment interest;

6. For such other and further relief as this court may deem just and proper.

7. Damages in an amount of not less than $100,000.00

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury in this action of all claims asserted against all Defendants as permitted by law.

Dated: April 2, 2015                    PETER LAW GROUP

By:     MARCUS J. LEE
        *Attorneys for Plaintiff*
        JEREMY PORTER

PETER LAW GROUP
9100 WILSHIRE BLVD. STE 880W
BEVERLY HILLS, CA 90212
TEL. 310.277.0010 • FAX 310.432.0599

TER LAW GROUP
TORNEYS AT LAW

15
COMPLAINT FOR DAMAGES

# EXHIBIT A





**Vehicle conditions**
- Have I checked this vehicle for safe operation:
- Check oil, Coolant, Brake Fluid
- Leaks
- Tire Conditions, Inflation, Rims, Lug Nuts
- Lights, Mirrors
- Windshield, Wipers, AC, Heater/Defroster
- Suspension/ Steering & Brakes

**Road Conditions**
- I will, expand my Eye-Lead time to identify Potential road hazards while there is still ample time to take evasive action if necessary.
- I will, stay alert to status of distant traffic and road conditions.
- I will, use lower gears on inclines/declines.
- I will, slow down before turns.



- I have visually inspected my vehicle for maintenance needs.
- I have secured all cargo inside and out of the vehicle.
- I have checked around my vehicle to look for obstructions.
- I have sounded [1] if needed.
- I have removed and will prevent distractions (radio, phone, etc.)
- All safety equipment is in place, secured, current, or is in working order.
  - Seatbelts
  - Fire Extinguisher
  - First Aid Kit
  - Blood Pathogen Kit
  - Warning Triangles
  - Flashlight
- All documents are current.
- Driver and passenger wear seatbelt all time.

I will use Stop Work Authority and address any problems I find before starting my trip and during my journey. NABORS COMPLETION & PRODUCTION SERVICES CO.

# EXHIBIT B



PETER
LAW
GROUP

**Arnold P. Peter**
Attorney at Law

Direct 310.432.0500
apeter@peterlawgroup.com

March 2, 2015

**VIA CERTIFIED MAIL**

Nabors Drilling USA, L.P.
515 West Greens Road, Suite 1000
Houston, TX 77067

California Labor & Workforce Development Agency
800 Capitol Mall, MIC-55
Sacramento, CA 95814

     We are counsel to Jeremy Porter, a former employee of Nabors Drilling USA, L.P. ("Nabors") who was terminated on or about December 30, 2014. This letter shall serve as notice, pursuant to and in accordance with, the requirement of the California Labor Code Private Attorneys General Act of 2004 ("PAGA").

     Ms. Porter contends that during the term of his employment, prior to starting his work shift and at the conclusion of each work shift, he and all employees similarly situated were required to perform a detailed inspection of any vehicle driven onto the work premises, whether a private or company owned vehicle. The nature and content of the inspection is set forth in Exhibit A to this letter. The inspection is referred to hereinafter as "Vehicle Inspection Time." Mr. Porter and other employees similarly situated were not compensated for Vehicle Inspection Time which customarily took 30 minutes for each inspection at the start and end of each work shift, for a total of 60 minutes per day.

     At all times relevant hereto, Nabors failed to keep accurate daily records of Mr. Nabor's and other similarly situated employees' Vehicle Inspection Time and to maintain such records for at least three (3) years and to provide to each employee with each periodic wage payment a writing setting forth among other things the following: (1) the total hours of work for the pay period; (2) the payment of wages for Vehicle Inspection Time; and (3) the gross and net wages paid, all deduction from those wages.

     Mr. Nabors contends that the actions of Nabors' set forth herein violates the following sections of the California Labor Code: 201, 202, 510, 226, 1174, and 1175. Therefore, Nabors' actions also constitute a violation of PAGA.

Nabors Drilling USA, L.P.
California Labor & Workforce Development Agency
March 2, 2015
Page 2 of 2

This letter is not intended to be a complete recitation of the applicable laws, facts or claims relating to this matter, nor as a waiver of any of Mr. Porter's rights or remedies, all of which are expressly reserved.

Very truly yours,

Arnold P. Peter
PETER LAW GROUP
Attorneys for Jairo Paniagua





| | | |
|---|---|---|
| **Driver** | | Am I fit for driving? <br> Am I allowed to drive this vehicle. <br> Have I been trained to drive this equipment. <br> Have I considered the vehicle load: height, width & weight. |
| **Vehicle conditions** | | • Have I checked this vehicle for safe operation: <br> • Check oil, Coolant, Brake Fluid <br> • Leaks <br> • Tire Conditions, Inflation, Rims, Lug Nuts <br> • Lights, Mirrors <br> • Windshield, Wipers, AC, Heater/Defroster <br> • Suspension/ Steering & Brakes |
| **Weather conditions** | | • I will stay alert of weather conditions. <br> • I will take additional time to drive safe. <br> • I will adjust speed to conditions. <br> • I will adjust my following distance for conditions. <br> • I will assess the road and conditions my Route. |
| **Road Conditions** | | • I will, expand my Eye-Lead time to identify Potential road hazards while there is still ample time to take evasive action if necessary. <br> • I will, stay alert to status of distant traffic and road conditions. <br> • I will, use lower gears on inclines/declines. <br> • I will, slow down before turns. |
| **Safe Parking** | PARK IN ASSIGNED AREAS ONLY | • I will select a safe location for parking. <br> • I will avoid backing. <br> • I will, engage parking brake, put vehicle in low gear or 1st, turn off engine, remove key and set wheel chocks. |



## CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 years and not a party to the within action. I am employed in the County of Orange, State of California, within which county the subject service occurred. My business address is 600 Anton Boulevard, Suite 700, Costa Mesa, California, 92626.

On *May 26, 2015,* I served the document described as:

**NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441(b)
(DIVERSITY JURISDICTION)**

to the address(es) stated below:

Arnold P. Peter
Marcus J. Lee
PETER LAW GROUP
9100 Wilshire Blvd., Suite 880W
Beverly Hills, CA 90212
apeter@peterlawgroup.com
mlee@peterlawgroup.com

**[XXX]**      **BY OVERNIGHT DELIVERY.** I served true and correct copies of the foregoing document, enclosed in a sealed Federal Express envelope, for collection and for delivery marked for next day delivery in the ordinary course of business, addressed to the office of the addressee, as indicated above. This service complies with the Federal Rules of Civil Procedure. The file transmission was reported as complete and a copy of the Court's Notice of Electronic Filing will be maintained with the original document(s) in our office.

I declare that I am employed in the offices of a member of the bar of this Court at whose direction this service was made.

Executed on *May 26, 2015,* at Costa Mesa, California.

/s/ Mary Ann Mendoza
Mary Ann Mendoza